PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Adam M. Silverstein, Esq. (SBN 197638)<br>Ritter Law, Inc.<br>315 West Ninth Street, Suite 701<br>Los Angeles, California 90015<br>TELEPHONE NO: (213) 985-1120   FAX NO. (Optional): (213) 985-1125<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, GLORIA YOUNG | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 03 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Cristina Grijalva, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse - Central District

PLAINTIFF: GLORIA YOUNG

DEFENDANT: WAL-MART STORES, INC., a Corporation

[✓] DOES 1 TO 25

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED (Number):
Type (check all that apply):
[ ] MOTOR VEHICLE   [✓] OTHER (specify): Premises Liability
[ ] Property Damage   [ ] Wrongful Death
[✓] Personal Injury   [ ] Other Damages (specify):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded   [ ] does not exceed $10,000
                     [ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER: BC603124

1. Plaintiff (name or names): GLORIA YOUNG
   alleges causes of action against defendant (name or names):
   WAL-MART STORES, INC., a Corporation; and DOES 1 to 25
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

BY FAX

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Exhibit A

3

PLD-PI-001

| SHORT TITLE: GLORIA YOUNG v. WAL-MART SOTRES, INC., et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ **except** defendant (name): Wal-Mart Stores, Inc.
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): 1 to 25 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): 1 to 25 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because (specify):

Exhibit A

4

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| GLORIA YOUNG v. WAL-MART SOTRES, INC., et al. | |

10. The following causes of action are attached and the statements above apply to each (*each complaint must have one or more causes of action attached*):
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other (*specify*):

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage (*specify*):
   Pain and suffering and future pain and suffering

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
   The amount of damages is (*in cases for personal injury or wrongful death, you must check (1)*):
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows (*specify paragraph numbers*):
   PL-1, PL-2, PL-5, GN-1

Date: December 3, 2015

ADAM M. SILVERSTEIN
(TYPE OR PRINT NAME)                           (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]       COMPLAINT—Personal Injury, Property       Page 3 of 3
                                          Damage, Wrongful Death

Exhibit A

5

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| GLORIA YOUNG v. WAL-MART STORES, INC., et al | |

FIRST **CAUSE OF ACTION—Premises Liability** Page 4
   (number)

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name)*: GLORIA YOUNG
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*: January 20, 2014   plaintiff was injured on the following premises in the following fashion *(description of premises and circumstances of injury)*:

Defendant negligently inspected and maintained the building at 19821 Rinaldi Street, Porter Ranch, California 91326 allowing a dangerous condition, a defective display/shelving unit, to be present in an area where there is constant, heavy foot traffic. Defendants knew or should have known of the dangerous condition prior to it causing injury to Plaintiff, but failed to take any action to repair the defective condition or warn the Plaintiff. Plaintiff tripped and was injured on the dangerous condition causing severe and permanent injuries.

Prem.L-2.   [✓] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:
WAL-MART STORES, INC., a Corporation

[✓] Does 1 to 25

Prem.L-3.   [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names)*:

[ ] Does ___ to ___
Plaintiff, a recreational user, was  [ ] an invited guest  [ ] a paying guest.

Prem.L-4.   [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names)*:

[ ] Does ___ to ___
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [✓] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:
WAL-MART STORES, INC., a Corporation

[✓] Does 1 to 25

b. [✓] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [✓] as follows *(names)*:
Defendants are responsible in some other manner for Plaintiff's injuries.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Exhibit A

6

PLD-PI-001(2)

| SHORT TITLE: GLORIA YOUNG v. WAL-MART STORES, INC., et al | CASE NUMBER: |
|---|---|

**SECOND** <u>(number)</u>   **CAUSE OF ACTION—General Negligence**   Page __5__

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* GLORIA YOUNG

alleges that defendant *(name):* WAL-MART STORES, INC., a Corporation

☑ Does __1__ to __25__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* January 20, 2014
at *(place):* Walmart Supercenter located at 19821 Rinaldi Street, Porter Ranch, California 91326

*(description of reasons for liability):*

    On or about January 20, 2014, defendants, and each of them, as owners, maintainers, managers, operators, controllers of the subject Wal-Mart, owed a duty to the plaintiff to exercise ordinary care in the maintenance and/or management of the subject Wal-Mart. Defendants also owed a duty to have the subject Wal-Mart be in compliance with applicable rules, regulations, and code sections.
    On our about January 20, 2014, defendants, each of them, and their employees, agents or representatives, were negligent in, without limitation, their failure to exercise ordinary care in the maintenance and/or management of the subject Wal-Mart and their failure to comply with applicable rules, regulations, and code sections.
    On or about January 20, 2014, defendants, each of them, and their employees, agents, or representatives, were negligent in, without limitation, their failure to exercise ordinary care in the inspection and maintenance of the store by placing, and allowing it to be present, a defective display/shelving unit in an area of heavy foot traffic in an unreasonably safe manner.
    On or about January 20, 2014, as a factual and legal result of defendants, each of them, and their employees, agents, or representative's aforementioned negligence, plaintiff was severely and permanently injured and suffered damages in an amount which exceeds the minimum jurisdictional limits of this Court, according to proof at the time of trail.
    Or or about January 20, 2014, defendants, and each of them, and their employees, agents, or representatives, negligently maintained the Wal-Mart at 19821 Rinaldi Street, Porter Ranch, California 91326 so that they allowed a dangerous condition to be present in an area of heavy foot traffic where plaintiff was injured. Defendants knew, or should have known, of the dangerous condition prior to Plaintiff's fall, but failed to take any action to remedy the defective condition or warn Plaintiff. Plaintiff tripped and was injured on the dangerous condition causing severe and permanent damage.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

Exhibit A

7

3/7/16 @ 2:52p

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAL-MART STORES, INC., a Corporation; and DOES 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GLORIA YOUNG

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 03 2015

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Central District - Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*
**BC603124**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adam M. Silverstein, RITTER LAW, 315 W. 9th St., Suite 701, Los Angeles, CA 90015, (213) 985-1120

DATE:         SHERRI R. CARTER    Clerk, by  CRISTINA GRIJALVA , Deputy
*(Fecha)*                         *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

DEC 03 2015

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Wal-Mart Stores, Inc., a Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit B**

**8**

| | |
|---|---|
| 1 | Bron E. D'Angelo, Esq., Bar No. 246819 |
| | Sara M. Burton, Esq., Bar No. 268011 |
| 2 | **PETTIT KOHN INGRASSIA & LUTZ PC** |
| | 9841 Airport Boulevard, Suite 1100 |
| 3 | Los Angeles, CA 90045 |
| | Office: (310) 649-5772 |
| 4 | Fax:     (310) 649-5777 |
| | E-mail:  sburton@pettitkohn.com |
| 5 | |
| 6 | Attorneys for Defendant, **WAL-MART STORES, INC.** |

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES -- CENTRAL DISTRICT

| | |
|---|---|
| GLORIA YOUNG, | CASE NO.: BC603124 |
| Plaintiff, | [UNLIMITED] |
| v. | **WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| WAL-MART STORES, INC., a Corporation DOES 1 TO 25 | |
| Defendant(s). | Dept.:            97 |
| | Judge:          Hon. Daniel S. Murphy |
| | Complaint Filed: 12/03/15 |
| | Trial Date:     6/05/17 |

COMES NOW, Defendant **WAL-MART STORES, INC.** ("Defendant"), severing itself from all other defendants, and in answer to the Unverified Complaint ("Complaint") of Plaintiff GLORIA YOUNG ("Plaintiff") on file herein, admits, denies and alleges as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, in the conjunctive and disjunctive, each and every cause of action and allegation contained in the Complaint, and the Complaint as a whole, and further generally and specifically denies that Plaintiff has sustained any loss, injury, or damage as a proximate result of any act, breach, or omission on the part of Defendant.

///

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

As a first and separate affirmative defense, Defendant alleges that said Complaint, and each and every cause of action or purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As a second and separate affirmative defense, Defendant alleges that Plaintiff has failed to mitigate her damages, if any, in connection with the matters referred to in the Complaint and that such failure to mitigate bars and/or diminishes the Plaintiff's recovery, if any, against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure of Others to Exercise Reasonable Care)**

As a third and separate affirmative defense, Defendant alleges that, if Defendant is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other defendants or other parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

**FOURTH AFFIRMATIVE DEFENSE**

**(Exercise of Reasonable Care)**

As a fourth and separate affirmative defense, Defendant alleges that, at all times relevant herein, Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Obvious Danger)**

As a fifth and separate affirmative defense, Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for her own safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff were

///

proximately caused and contributed to by the negligence of Plaintiff in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

### SIXTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

As a sixth and separate affirmative defense, Defendant alleges that at all times herein mentioned, Plaintiff with full knowledge of all risks attendant thereto voluntarily and knowingly assumed any and all risks attendant upon her conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acts of Other Parties)

As a seventh and separate affirmative defense, Defendant alleges that, if Defendant is subjected to any liability by Plaintiff herein, it will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by said Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

### EIGHTH AFFIRMATIVE DEFENSE
### (Intervening Acts of Others)

As an eighth and separate affirmative defense, Defendant alleges that the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Notice)

As a ninth and separate affirmative defense, Defendant alleges that it did not have either actual or constructive notice of the conditions, if any, which existed at the time and places mentioned in the Complaint, which conditions may have caused or contributed to the damages as alleged herein. Said lack of notice prevented Defendant from undertaking any measures to protect against or warn of said conditions.

///

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a tenth and separate affirmative defense, Defendant is informed and believes, and thereon alleges that the Complaint is barred by the applicable statute of limitations contained in California Code of Civil Procedure, including but not limited to, sections 335.1 and 343.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Several Liability for Non-Economic Damages)

As an eleventh and separate affirmative defense, Defendant is informed and believes, and thereon alleges that, if answering Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under California Civil Code sections 1431.1 and 1431.2, and therefore request a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Contributory Negligence)

As a twelfth and separate affirmative defense, Defendant alleges damages are barred and/or limited based on the doctrines of comparative fault and contributory negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

As a thirteenth and separate affirmative defense, Defendant alleges that it may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize her claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs of which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

///

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Right to Amend Answer)**

As a fourteenth and separate affirmative defense, Defendant reserves the right to amend its answer herein, including the addition of affirmative defenses, after pleading and discovery in preparation for trial.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against the Plaintiff as follows:

1. That Plaintiff take nothing by way of her action;
2. That Defendant be awarded costs of suit incurred herein; and,
3. For any and all other relief as the Court deems just and proper according to the laws of the State of California.

**PETTIT KOHN INGRASSIA & LUTZ PC**

Dated: March 30, 2016                    By: _____
                                             Bron D'Angelo, Esq.
                                             Sara M. Burton, Esq.
                                             Attorneys for Defendant
                                             **WAL-MART STORES, INC.**

**PROOF OF SERVICE**
*GLORIA YOUNG v. WAL-MART STORES, INC.*
*LASC Case No.: BC603124*

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Los Angeles, California and my business address is 9841 Airport Boulevard, Suite 1100, Los Angeles, CA 90045.

On March 30, 2016, I caused to be served the following documents:

**WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

[ ] **VIA FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e) and (f)):** From fax number (310) 649-5777 to the fax numbers listed below and/or on the attached service list. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine.

[ ] **VIA ELECTRONIC SERVICE: Complying with Code of Civ. Proc.§ 1010.6**, my electronic business address is baraiza@pettitkohn.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List. The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

[ ] **VIA PERSONAL SERVICE:** I caused the above-described document to be personally served on the parties listed on the service list below at their designated business addresses **pursuant to Code Civ. Proc. §1011.**

[X] **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:
   [X]   BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))
   [ ]   BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))
   [ ]   BY CERTIFIED RETURN RECEIPT (Code of Civ. Proc. §§ 1013 and 1013(a))

Adam M. Silverstein, Esq.
RITTER LAW, INC.
315 West Ninth Street, Suite 701
Los Angeles, CA 90015
Tel: (213) 985-1120
Fax: (213) 985-1125
*Attorney for Plaintiff, GLORIA YOUNG*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 30, 2016 at Los Angeles, California.

LISA SEALS

6

WAL-MART STORES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
14

2354-8600

1  Bron E. D'Angelo, Esq., Bar No. 246819
   Sara M. Burton, Esq., Bar No. 268011
2  **PETTIT KOHN INGRASSIA & LUTZ PC**
   9841 Airport Boulevard, Suite 1100
3  Los Angeles, CA 90045
   Office: (310) 649-5772
4  Fax:    (310) 649-5777
   E-mail: sburton@pettitkohn.com
5
   Attorneys for Defendant, **WAL-MART STORES, INC.**
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF LOS ANGELES -- CENTRAL DISTRICT**

10

11 | GLORIA YOUNG,                          | CASE NO.: BC603124
12 |             Plaintiff,                 | [UNLIMITED]
13 | v.                                     | **DEMAND FOR TRIAL BY JURY**
14 | WAL-MART STORES, INC., a               |
   | Corporation DOES 1 TO 25               | Dept.:    97
15 |                                        | Judge:    Hon. Daniel S. Murphy
   |             Defendant(s).              | Complaint Filed: 12/03/15
16 |                                        | Trial Date:   6/05/17

17     Defendant hereby demands trial by jury.

18
                                    **PETTIT KOHN INGRASSIA & LUTZ PC**
19

20

21  Dated: March 30, 2016        By: _____
                                     Bron D'Angelo, Esq.
22                                   Sara M. Burton, Esq.
                                     Attorneys for Defendant
23                                   **WAL-MART STORES, INC.**

24

25

26

27

28

                                         1
                              DEMAND FOR TRIAL BY JURY

2354-8600

**Exhibit D**

15

**PROOF OF SERVICE**
*GLORIA YOUNG v. WAL-MART STORES, INC.*
*LASC Case No.: BC603124*

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Los Angeles, California and my business address is 9841 Airport Boulevard, Suite 1100, Los Angeles, CA 90045.

On March 30, 2016, I caused to be served the following documents:

**DEMAND FOR TRIAL BY JURY**

[ ] **VIA FACSIMILE TRANSMISSION** (Code Civ. Proc. §§ 1013(e) and (f)): From fax number (310) 649-5777 to the fax numbers listed below and/or on the attached service list. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine.

[ ] **VIA ELECTRONIC SERVICE: Complying with Code of Civ. Proc.§ 1010.6,** my electronic business address is baraiza@pettitkohn.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List. The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

[ ] **VIA PERSONAL SERVICE:** I caused the above-described document to be personally served on the parties listed on the service list below at their designated business addresses **pursuant to Code** Civ. Proc. §1011.

[X] **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:
 [X] BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))
 [ ] BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c) and (d))
 [ ] BY CERTIFIED RETURN RECEIPT (Code of Civ. Proc. §§ 1013 and 1013(a))

Adam M. Silverstein, Esq.
RITTER LAW, INC.
315 West Ninth Street, Suite 701
Los Angeles, CA 90015
Tel: (213) 985-1120
Fax: (213) 985-1125
*Attorney for Plaintiff, GLORIA YOUNG*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 30, 2016 at Los Angeles, California.

BRIDGETTE ARAIZA

CIV-050

- DO NOT FILE WITH THE COURT-
-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Adam M. Silverstein, Esq. (SBN 197638)<br>RITTER LAW, INC.<br>315 West Ninth Street, Suite 701<br>Los Angeles, California 90015 | (213) 985-1120 | |
| ATTORNEY FOR (name): Plaintiff, GLORIA YOUNG | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse - Central District

PLAINTIFF: GLORIA YOUNG
DEFENDANT: WAL-MART STORES, INC., et al

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER: BC603124

To (name of one defendant only): WAL-MART STORES, INC.
Plaintiff (name of one plaintiff only): GLORIA YOUNG
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [✓] Pain, suffering, and inconvenience ......................................................... $ 1,000,000.00
   b. [ ] Emotional distress ................................................................................ $
   c. [ ] Loss of consortium ............................................................................... $
   d. [ ] Loss of sociey and companionship (wrongful death actions only) .......... $
   e. [ ] Other (specify) _____ $
   f. [ ] Other (specify) _____ $
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [✓] Medical expenses (to date) ................................................................ $ 82,195.48
   b. [✓] Future medical expenses (present value) ......................................... $ Undetermined
   c. [✓] Loss of earnings (to date) ................................................................... $ Undetermined
   d. [✓] Loss of future earning capacity (present value) ................................ $ Undetermined
   e. [ ] Property damage ................................................................................. $
   f. [ ] Funeral expenses (wrongful death actions only) ................................. $
   g. [ ] Future contributions (present value) (wrongful death actions only) .... $
   h. [ ] Value of personal service, advice, or training (wrongful death actions only) .... $
   i. [ ] Other (specify) _____ $
   j. [ ] Other (specify) _____ $
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $ _____
   when pursuing a judgment in the suit filed against you.

Date: March 4, 2016
ADAM M. SILVERSTEIN
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

Exhibit E

17